## No. 11,005.

### MULFORD v. NICKERSON.

Decided January 5, 1925.

Action for damages. Judgment for defendant.

### Reversed.

1. TRIAL—*Nonsuit.* A motion for nonsuit admits the truth of plaintiff's evidence, and every legitimate inference that may be drawn from it.

2. TRESPASS—*Ownership.* In an action for damages for digging ditches across plaintiff's land, evidence of ownership of plaintiff, held sufficient on motion for nonsuit.

3. DAMAGES—*Evidence.* In an action for damages for digging ditches across plaintiff's land, evidence as to the value of the premises before and after the ditches were dug, held competent to show damage.

4. PRINCIPAL AND AGENT—*Declarations of Agent—Evidence.* Sworn evidence of a witness that he was an agent, is quite different from a mere declaration that he was such, and being uncontroverted, is sufficient to establish agency.

5. PLEADING—*Laches.* The defense of laches cannot be injected into a case where it has not been pleaded.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES A. MURRAY, for plaintiff in error.

Messrs. SMITH & BROCK, Mr. JOHN P. AKOLT, for defendant in error.

MR. CHIEF JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error brought suit in February, 1919, against the defendant in error for damages for the construction of ditches across plaintiff's land "without the permission or knowledge of the plaintiff."

At the close of the evidence for the plaintiff a motion for nonsuit was sustained for the following reasons as stated by the court: That there was no evidence that the plaintiff did not consent to the digging of the ditches; that the agency of plaintiff's son was not proved (the court announcing that agency could not be proved by the declarations of the agent); that there was no evidence "that the Nickerson in question is the Nickerson who was sued"; that there was no evidence showing damages to the property at the time that the ditches were put in; that there was no evidence from which the jury could determine the damages; that the case was stale.

The correctness of this order is before us for consideration. The son of the plaintiff testified that his father, to whom the land was conveyed by deed, prior to the digging of the ditches, lived in New Jersey, and was eighty-nine years old; that the witness had been his agent in the managing of the land for fifteen or sixteen years; that the defendant "never had consent from him or the plaintiff, so far as he knew, to put any ditches on this land;" that the witness first learned of them in 1918, the first ditch having been put on there in 1917. He testified further that the ditches had rendered seven acres practically useless; that he could not rent the seven acres cut off by the ditches from the main tract; that he had experience in lands, and that this farm was worth $1,000 less after the ditches were dug than it was before.

Under the well-established rule that a motion for non-

suit admits the truth of plaintiff's evidence, and every legitimate inference which may be drawn from it, the evidence of the conveyance of the land to plaintiff made a case of ownership in the plaintiff. The evidence as to value before and after the ditches were dug, was competent to show the damages. Witness Gordon testified that he knew Nickerson, the defendant; that he saw him and his man put in the ditches, one in 1917 and one in 1918. This identified the defendant with the digger of the ditches. The court in holding that the agency of the witness had not been proved, overlooked the fact that in this case the witness swore that he was his father's agent, which is quite different from a mere declaration that he was such. This distinction is recognized in *Wales v. Mower,* 44 Colo. 146, 96 Pac. 971. The final reason given for the nonsuit, i. e., that the case was stale, was not good, as it was practically injecting into the case the defense of laches, which had not been pleaded. Had it been pleaded, the plaintiff might have explained the delay, as he would have been entitled to do. There was evidence before the court, under the rule above stated, sufficient to go to the jury. The order of nonsuit was error for which the judgment is reversed.

MR. JUSTICE ALLEN and MR. JUSTICE BURKE concur.